UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLS PETER NIPHONG,

    Plaintiff,

                          Case No. 1:25-cv-920

v.

                          Hon. Hala Y. Jarbou

UNKNOWN STUTZMAN,

    Defendant.

_____/

## ORDER

Plaintiff Charls Niphong brings this civil rights action against a deputy at the Kent County Correctional Facility for conduct occurring while Niphong was detained at that facility.  On June 2, 2026, Magistrate Maarten Vermaat issued a Report and Recommendation that the Court deny Defendant Stutzman's motion to dismiss, grant Stutzman's motion for summary judgment, and deny Niphong's motion for summary judgment.  (R&R, ECF No. 34.)  Before the Court are Niphong's objections to the R&R (ECF No. 35).

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

According to video evidence of the incident, Niphong repeatedly threw punches at another prisoner until Stutzman approached Niphong from behind and used a taser on him.  Niphong claims that Stutzman used excessive force.  The magistrate judge concluded that the use of force was reasonable.  The Court agrees.  Niphong was clearly the aggressor in the altercation with the other prisoner, who kept backing away from Niphong's punches.  And Niphong had just thrown another

punch immediately before Stutzman deployed the taser.  That use of force by Stutzman was eminently reasonable.  Stutzman intervened to protect the other prisoner from imminent physical harm and to "preserve internal order and discipline and maintain institutional security."  *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (quoting *Bell v. Wolfish*, 441 U.S. 520, 540 (1979)).  No reasonable jury could conclude that Stutzman's actions were excessive or unreasonable.

In his objections, Niphong argues that Stutzman should have issued a warning and given Niphong time to respond before using the taser.  But this argument ignores the fact that Niphong was actively attempting to harm another individual.  Delaying use of the taser presented the risk that Niphong would succeed.  Also, when assessing the reasonableness of Stutzman's actions, the Court must account for the following: (1) due to the importance of "[m]aintaining safety and order" at detention facilities, corrections officers "have substantial discretion to devise reasonable solutions to the problems they face," *id.* at 399 (quoting *Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 566 U.S. 318, 326 (2012)); and (2) "[o]fficers facing disturbances [in detention facilities] 'are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving,'" *id.* (quoting *Graham v. Conner*, 490 U.S. 386, 397 (1989)).  Thus, assuming Stutzman used his taser without a verbal warning and opportunity for Niphong to comply,[1] Stutzman had discretion to do so, and that decision was reasonable in light of the tense and uncertain situation he faced.

Niphong argues that his case is similar to those in which courts concluded that the use of a taser or pepper spray on an arrestee or detainee constituted excessive force.  Those cases are distinguishable.  None of them involved circumstances like those here, in which the target of the

---

[1] As the magistrate judge noted, the video lacks audio, so it does not show whether Stutzman gave any audible warning before deploying his taser.  However, Stutzman asserts in a declaration that he gave "numerous loud, verbal commands to [Niphong and the other inmate] to stop fighting and to get on the ground" but they did not comply.  (Stutzman Decl. ¶¶ 8–9, ECF No. 17-5.)  Niphong offers no evidence to dispute this assertion.

force was actively attempting to harm another individual.  *See Kijowski v. City of Niles*, 372 F. App'x 595, 599 (6th Cir. 2010) (use of taser on plaintiff after officers dragged him from his car and threw him to the ground); *Grawey v. Drury*, 567 F.3d 302, 311 (6th Cir. 2009) (use of pepper spray on suspect who was not resisting arrest and was not an immediate threat to officers or others); *Lewis v. Downey*, 581 F.3d 467, 477 (7th Cir. 2009) (use of taser on an inmate lying on his bunk); *Wilson v. Keske*, No. 09 CV 8063, 2010 WL 4065665, at *1 (N.D. Ill. Oct. 15, 2010) (use of taser on plaintiff while he was on the ground in handcuffs).  Thus, Niphong's argument is not persuasive.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 34) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 26) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (ECF No. 14) and Defendant's motion to dismiss the complaint (ECF No. 10) are **DENIED**.

The Court will enter a judgment dismissing the case.

Dated: June 29, 2026                    /s/ Hala Y. Jarbou
                                        HALA Y. JARBOU
                                        CHIEF UNITED STATES DISTRICT JUDGE

3